FARMERS' & MECHANICS' NAT. BANK OF BUFFALO *v.* ROGERS.

(*Superior Court of Buffalo, General Term.* December 3, 1888.)

PLEADING—MOTION TO STRIKE OUT—FRIVOLOUS DEMURRER.
  Under Code Civil Proc. N. Y. § 537, providing that a party prejudiced by a frivolous demurrer may, on five days' notice of his application therefor, have judgment on the demurrer, it is error to order that a demurrer be stricken out as frivolous.

Appeal from special term.

Action by the Farmers' & Mechanics' National Bank of Buffalo against Samuel Rogers on a promissory note executed by defendant to plaintiff, for $5,000, and to foreclose the lien on certain stock deposited with plaintiff as collateral security for the note. An order was entered striking out defendant's demurrer as frivolous, and defendant appealed. For opinion on demurrer see 1 N. Y. Supp. 757. The special term opinion referred to is as follows:

"BECKWITH, C. J. Motion by plaintiff for judgment for frivolousness of defendant's demurrer to reply. 1. The prayer for relief in the complaint is not much out of the way. The relief demanded is that the plaintiff's 'lien on the certificate of stock be foreclosed,' which is proper; 'that it,' the plaintiff, 'be declared to have a perfect title; and that the defendant execute any assignment or transfer necessary to make its title perfect,'—that is, that the defendant perfect the transfer of the stock,—so that upon a sale a title could be given the purchaser, and 'that the plaintiff have such other and further relief as may be proper.' By this prayer the plaintiff demands such relief as it 'supposes' itself entitled to. Code Civil Proc. § 481. Notwithstanding the form of the prayer, the court can give any judgment consistent with the case made by the complainant. Id. § 1207.

"2. The answer purports to set up a counter-claim. In deciding upon the demurrer to the reply the court may look into the answer. If the answer is not good, and the reply is defective in form, a demurrer to the reply should be set aside, there being no basis for the pleading. In this case the demurrer is to the reply as a whole. The general denial in the first part of the reply is not good, and if that were all of the reply, and the answer set up a valid counter-claim, the demurrer would have to be sustained; but there is more in the reply. There are several immaterial allegations, and the prayer is nugatory. It has no place in the reply. But assuming that the answer sets up a valid counter-claim, as alleged, the reply contains matter constituting an affirmative defense, in the allegations that the reason the plaintiff did not sell the stock was because a purchaser could not be found, and because the de-

fendant requested it not to sell.    Those facts established would have made a valid excuse for not selling, even if it had been the duty originally of the plaintiff to sell.    The reply states what the action was brought for.    That is an immaterial allegation, for the court will tell from the complaint what the action is brought for.    The prayer in the complaint not being controlling, or rather, being a prayer for the relief the court may deem proper upon the allegations constituting the cause of action, and the allegations in the reply having the form of a prayer, being immaterial, and mere surplusage, they afford no foundation for a demurrer.    Whether there is a departure must be determined from a comparison of the allegations in the reply (setting up the new matter constituting the defense to the counter-claim) with the allegations of the complaint constituting the cause of action, and not from the prayers for the relief to which the plaintiff supposes itself to be entitled.    It seems to me perfectly plain, as soon as it is found out what the pleadings really say, that the demurrer is of the kind the Code designates as frivolous.    Therefore the plaintiff's motion for judgment for frivolousness of the demurrer is granted, with $10 costs of the motion to abide the event of the action."

*L. F. & G. W. Bowen,* for appellant.    *Lewis & Moot,* for respondent.

HATCH, J.    We concur in the opinion of Chief Justice BECKWITH, delivered at special term, upon the decision of this motion.    Had his direction been followed, nothing would remain but to affirm the judgment directed.    But the plaintiff has not followed such direction.    Instead of entering judgment adjudging the demurrer to the reply frivolous, as ordered by the court, it has entered an order striking out the same from the record.    Not only is this opposed to the direction, but we find no authority for such practice.    Code Civil Proc. § 537, provides that if a demurrer is frivolous the party prejudiced thereby may, upon a notice of not less than five days, apply to the court, or a judge thereof, for judgment thereupon, and judgment may be given accordingly.    The notice of motion is not printed in the record, so that we cannot tell exactly what relief the plaintiff asked.    The order, as entered, recites that it was a motion to strike out the demurrer as frivolous, and, if this were so, the motion should have been denied.    But the court in disposing of the motion has assumed it to be a motion for judgment upon the demurrer, which assumption we adopt, as it is in conformity with the authority of the section already cited.    This section takes the place of section 247, Old Code, which, so far as the question here is concerned, is the same.    In *Briggs* v. *Bergen,* 23 N. Y. 162, the court held that a frivolous pleading is not stricken out, but remains upon the record, and forms part of the judgment roll.    It is only where the pleading is sham that it may be stricken out on motion.    Code Civil Proc. § 538.    The order entered is therefore vacated and set aside, with leave to plaintiff to enter judgment declaring the demurrer frivolous, with $10 costs and disbursements to the defendant.

TITUS, J., concurs.    BECKWITH, C. J., did not sit in this case.